IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
OCT 20 1993
THOMAS C. CAVER, CLERK
BY _____ DEPUTY CLERK

| | |
|---|---|
| GAY LESBIAN BISEXUAL ALLIANCE, § § Plaintiff, § § v. § § JIMMY EVANS, in his official § capacity as Attorney General § of the State of Alabama; § FREDERICK P. WHIDDON, in his § official capacity as President § of the University of South § Alabama; and DALE T. ADAMS, § in his official capacity as § Dean of Students of the § University of South Alabama, § § Defendants. § | Civil Action No. CV-93-T-1178-N |

## ANSWER OF DEFENDANTS
## FREDERICK P. WHIDDON AND DALE T. ADAMS

NOW COME the Defendants FREDERICK P. WHIDDON, in his official capacity as President of the University of South Alabama, and DALE T. ADAMS, in his official capacity as Dean of Student Services of the University of South Alabama, by and through undersigned counsel, and state the following as their answer to the Complaint of the Plaintiff GAY LESBIAN BISEXUAL ALLIANCE in the above-entitled and numbered cause:

1. To the extent that paragraph (1) requires any answer of these Defendants, the averments in said paragraph are denied and these Defendants demand strict proof thereof.

2. These Defendants admit the averments in paragraph (2), though these Defendants deny that the Plaintiff has any cognizable claim arising under the United States Constitution and capable of

redress through 42 U.S.C. §1983 or by declaratory judgment under 28 U.S.C. §§2201(a) and 2202.

3. These Defendants admit the averments in paragraph (3).

4. These Defendants admit the averments in paragraphs (4), (5), (6), (7), and (8). As to paragraph (7), these Defendants state that Defendant ADAMS' proper title is "Dean of Student Services."

5. These Defendants admit the averments in paragraphs (9) and (10).

6. These Defendants admit the averments in the first sentence of paragraph (11). These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of paragraph (11).

7. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs (12) and (13).

8. These Defendants deny the averments in paragraph (14), demand strict proof thereof.

9. As to paragraph (15), these Defendants admit that, on or about February 26, 1992, the Alabama House of Representatives approved resolution HR 111, which said resolution speaks for itself and includes the quoted language averred in said paragraph (15).

10. As to paragraph (16), these Defendants admit that portion of the averments in the first sentence thereof to the effect that Representative Turnham introduced House Bill 454. These Defendants state in further answer that Representative Turnham was one of

seventy-three sponsors of said bill. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph (16).

11. These Defendants admit the averments in paragraph (17), except the averment as to the date of the opinion, which averment is denied. These Defendants are informed and believe that said opinion was issued on or about February 19, 1992.

12. These Defendants admit the averments in paragraph (18).

13. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph (19).

14. These Defendants admit the averments in the first two sentences of paragraph (20). These Defendants deny the averments in the remaining two sentences of said paragraph and demand strict proof thereof.

15. These Defendants admit the averments in paragraph (21).

16. These Defendants admit the averments in the first sentence of paragraph (22). These Defendants deny the averments in the last sentence of paragraph (22), and demand strict proof thereof.

17. These Defendants deny the averments in paragraph (23), and demand strict proof thereof.

18. As to paragraph (24), these Defendants admit the averments in the first sentence to the effect that, under the statute in issue, any organization or group receiving public funds or using university facilities cannot "permit or encourage" its

members or other persons "to engage in any such unlawful acts or provide information or materials that explain how such acts may be engaged in or performed." These Defendants deny the remaining averments in said first sentence and the averments in the last sentence of paragraph (24), and demand strict proof thereof.

19. These Defendants deny the averments in paragraphs (25), (26), (27), (28), and (29), and demand strict proof thereof.

20. These Defendants deny the averments in paragraph (30), and demand strict proof thereof.

21. These Defendants deny the averments in paragraph (31), and demand strict proof thereof.

22. These Defendants deny the averments in paragraph (32), and demand strict proof thereof.

23. As to paragraph (33), these Defendants admit that a January 27, 1993, letter by Defendant ADAMS contains the material quoted in said paragraph. These Defendants otherwise deny the remaining averments in said paragraph and demand strict proof thereof.

24. As to paragraph (34), these Defendants admit that Defendant WHIDDON wrote to Defendant EVANS, said letter speaking for itself, but deny the averments of said paragraph as to time. These Defendants state in further answer that Defendant WHIDDON's letter to Defendant EVANS is dated February 12, 1993.

25. These Defendants deny the averments in paragraphs (35) and (36), and demand strict proof thereof.

26. These Defendants deny the averments in the first two sentences of paragraph (37), and demand strict proof thereof. As to the last sentence of said paragraph, these Defendants admit that their actions were restricted by the Public Funds and Facilities Statute and the delay in the response from Defendant EVANS. The remaining averments of said last sentence are denied.

27. These Defendants deny the averments in paragraph (38), and demand strict proof thereof.

28. These Defendants admit the averments in paragraphs (39) and (40). As to the averments in paragraph (40), these Defendants state in further answer that the committee was to begin its activities at the start of the academic year on September 27, 1993, the date the Complaint was filed in this action.

29. These Defendants deny the averments in paragraphs (41), (42), (43), and (44), and demand strict proof thereof.

30. As to paragraph (45), these Defendants incorporate by reference their responses to the prior paragraphs in the Complaint.

31. These Defendants deny the averments in paragraphs (46), (47), and (48), and further deny that they have any liability to the Plaintiff under the "first cause of action" of the Complaint.

32. As to paragraph (49), these Defendants incorporate by reference their responses to the prior paragraphs of the Complaint.

33. These Defendants deny the averments in paragraphs (50), (51), and (52), and further deny that they have any liability to the Plaintiff under the "second cause of action" of the Complaint.

34. As to paragraph (53), these Defendants incorporate by reference their responses to the prior paragraphs of the Complaint.

35. These Defendants deny the averments in paragraphs (54), (55), and (56), and further deny that they have any liability to the Plaintiff under the "third cause of action" of the Complaint.

36. As to paragraph (57), these Defendants incorporate by reference their responses to the prior paragraphs of the Complaint.

37. These Defendants deny the averments in paragraphs (58), (59), and (60), and further deny that they have any liability to the Plaintiff under the "fourth cause of action" of the Complaint.

38. These Defendants generally deny that the so-called Public Funds and Facilities Statute, codified as §16-1-28, Code of Alabama 1975, is unconstitutional, either on its face or as allegedly applied, under the First and/or Fourteenth Amendments to the United States Constitution.

39. These Defendants affirmatively aver that the Public Funds and Facilities Statute, codified as §16-1-28, Code of Alabama 1975, is not violative of either the First or Fourteenth Amendments to the United States Constitution in that said statute, on its face and as applied, does not abridge or infringe any right to free "expression" protected under the First Amendment, does not infringe or deny any right to free "association" protected under the First Amendment, is not sufficiently vague or overbroad to be violative of the First Amendment and/or the Fourteenth Amendment, and has not been so applied as to deny or abridge any right to equal protection

of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

40. These Defendants affirmatively aver that enactment of the Public Funds and Facilities Statute, codified as §16-1-28, <u>Code of Alabama 1975</u>, is a permissible exercise of the sovereign power of the State of Alabama, and that neither the First Amendment nor the Fourteenth Amendment to the United States Constitution compels the State of Alabama, acting through these Defendants under the circumstances of this case, to subsidize through public funds or promote through availability of publicly-owned or financed physical facilities, the views or agenda of the Plaintiff.

This the 20th day of October, 1993.

*Wally Walker*
J. Fairley McDonald, III
George W. Walker, III

COPELAND, FRANCO, SCREWS & GILL, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347
(205) 834-1180

Counsel for Defendants FREDERICK P. WHIDDON and DALE T. ADAMS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 20th day of October, 1993, I have served a copy of the foregoing upon the following counsel of record by United States Mail, postage prepaid and properly addressed:

Fern Singer, Esq.
WATTERSON AND SINGER
Post Office Box 530412
Birmingham, Alabama  35253

Ruth E. Harlow, Esq.
William B. Rubenstein, Esq.
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
132 West 43rd Street
New York, New York  10036

Howard A. Mandell, Esq.
Post Office Box 4248
Montgomery, Alabama  36103

_____
Of Counsel