UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

FILED
OCT 27 1993
THOMAS C. HAVER, CLERK

GAY LESBIAN BISEXUAL ) 
ALLIANCE, )
 )
    Plaintiff, )
 )
vs. ) CIVIL ACTION NO. CV-93-T-1178-N
 )
JIMMY EVANS, et al., )
 )
    Defendants. )

## MEMORANDUM IN SUPPORT OF DEFENDANT JIMMY EVANS' MOTION TO DISMISS

Jimmy Evans has been sued, in this action, in his official capacity as Attorney General of the State of Alabama. Plaintiff has also brought this action against Frederick P. Whiddon, in his official capacity as President of the University of South Alabama, and Dale T. Adams, in his official capacity as Dean of Students of the University of South Alabama. This Memorandum is being filed in support of the Motion to Dismiss filed on behalf of Jimmy Evans, in his official capacity as Attorney General.

The Attorney General of the State of Alabama is given broad discretion in deciding what, if any, role he wishes to play when a State statute of the conduct of a public officer is challenged. The Attorney General may defend the challenged statute or conduct;

he may asked to be realigned as a party plaintiff; or he may file a waiver of his right to be heard and thus be dismissed as a party from the case. See e.g., <u>Delchamps, Inc.</u> vs. <u>Alabama State Milk Control Board</u>, 324 F.Supp. 117 (M.D. Ala. 1971). Section 6-6-227 of the Code of Alabama illustrates the broad discretion given the Attorney General to decide whether or not to participate in a particular action. This statute provides, in pertinent part, that "if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding <u>and be entitled to be heard</u>." (Emphasis added) If the Attorney General does not feel the need or desire to be heard in the particular case, then he may waive his right to be heard as a party.

The Attorney General notes that his dismissal as a Party Defendant from this case will not prejudice the Plaintiff or the State of Alabama, nor will his dismissal mean that the constitutional issue Plaintiff seeks to litigate will be rendered moot. Defendants Whiddon and Adams, whose conduct is that being directly challenged by Plaintiff, have not sought to have themselves dismissed as Party Defendants but have, instead, filed a formal written Answer. Furthermore, these Officers of the University of South Alabama have retained and are represented by experienced and skilled attorneys, who can and will ably represent not only their clients', but the State of Alabama's, interest and will ensure that the State of Alabama is in no way prejudiced.

Plaintiff contends that the Attorney General is a necessary Party, because the University of South Alabama Defendants have no authority over the State's other institutions of higher learning. The Attorney General has specifically stated, in his Motion to Dismiss, and he again reiterates, that he "intends to fully comply with all final Orders of this [or the appropriate appellate] Court, regardless of whether he is formally a Party." [1]

Plaintiff further contends that the Attorney General is a necessary Party, because he rendered, at the request of the University of South Alabama, two (2) Attorney General's Opinions. As Plaintiff well knows, the Attorney General is required, under Alabama law, to render a formal written Opinion when requested by a public officer. See Ala. Code §36-15-18. The law is well settled in Alabama, however, that the Attorney General's written Opinions are merely advisory and are primarily intended to protect the public officer from liability for an official act performed. See e.g., Hill Grocery Company vs. State of Alabama, 26 Ala. App. 302, 159 So. 269 (1935). Other than protecting the public officer, the Attorney General's Opinion is in no way controlling legally and in no way limits or restricts an individual's or organization's right to challenge the actions of the public officer in a court of law.

---

[1] Plaintiff also has the option of joining the University of South Alabama Defendants as class representatives.

In summary, Jimmy Evans, in his official capacity as Attorney General of the State of Alabama, waives his right to be heard as a party and re-emphasizes that he will comply with all final Orders of this or the appropriate appellate court concerning this matter. He thus respectfully asks this Honorable Court to grant his Motion to Dismiss.

Respectfully submitted,

_____
Howard A. Mandell
ATTORNEY FOR JIMMY EVANS, IN HIS
OFFICIAL CAPACITY AS ATTORNEY
GENERAL OF THE STATE OF ALABAMA

25 South Court Street
Post Office Box 4248
Montgomery, AL  36103
(205) 262-1666

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing NOTICE OF APPEARANCE have been furnished to the following by United States Mail, postage prepaid, on this the 27th day of October, 1993:

Honorable Fern Singer
Attorney for Alabama Civil Liberties Union
  of Alabama
Post Office Box 530412
Birmingham, Alabama 35253

Honorable Ruth E. Harlow
Attorney for American Civil Liberties Union
  Foundation
132 West 43rd Street
New York, New York 10036

Honorable J. Fairley McDonald, III
Honorable George W. Walker, III
Attorney for Defendants Frederick P.
  Whiddon and Dale T. Adams
Post Office Box 347
Montgomery, Alabama 36101-0347

_____
Howard A. Mandell