UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
NOV 05 1993
THOMAS C. CAVER, CLERK
BY _____ DEPUTY CLERK

GAY LESBIAN BISEXUAL ALLIANCE,  )
                                )
            Plaintiff,          )
                                )
    vs.                         )
                                )
JIMMY EVANS, in his official capacity  )
as Attorney General of the State of    )   Civil Action
Alabama, FREDERICK P. WHIDDON, in his  )   No. 93-T-1178-N
official capacity as President of the  )
University of South Alabama, and DALE  )
T. ADAMS, in his official capacity as  )
Dean of Students of the University of  )
South Alabama,                         )
                                       )
            Defendants.                )

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT JIMMY EVANS'S MOTION TO DISMISS

This facial and as applied challenge to Alabama Education Code Section 16-1-28 -- a statute that regulates the use of public funds and facilities by universities and groups that use university campuses -- seeks a declaration that Section 16-1-28 violates the federal Constitution and an injunction against any further enforcement of that law. Under the Eleventh Amendment, such a suit cannot proceed directly against the state, but must instead be brought against one or more individual state officials. Defendant Jimmy Evans ("Evans"), as Attorney General, possesses certain enforcement powers in connection with Section 16-1-28. Thus, under the long line of cases starting with Ex parte Young, 209 U.S. 123 (1908), plaintiff has properly named

Evans as a defendant and his motion to dismiss should be denied. Tellingly, Evans has provided this Court with not a single citation to any federal authority that might support his request to be dismissed as a defendant in this action.

ARGUMENT

I. THE STANDARD FOR DECIDING DEFENDANT'S MOTION COMES OUT OF EX PARTE YOUNG AND ITS PROGENY.

The present issue is whether, having been named as a defendant in his official capacity and served with process, the Attorney General is a proper party to this suit. Contrary to the protestations offered by Evans, this issue of **federal** law bears no relation to any discretion given to the Attorney General under Alabama's **state** civil practice law and rules to decide "what, if any, role he wishes to play when a state statute ... is challenged" in state court. Memorandum in Support of Defendant Jimmy Evans' Motion to Dismiss ("Def. Mem.") at 1-2. Rather, "[i]n determining whether a particular State official is a proper party in [a federal] action to enjoin enforcement of a State law, [courts] look ... to Ex parte Young, [209 U.S. 123 (1908)]." Association of American Medical Colleges v. Carey, 482 F. Supp. 1358, 1363 (N.D.N.Y. 1980) (holding state attorney general to be proper defendant in constitutional challenge to New York Standardized Testing Act).

In the landmark decision of Ex parte Young, the Supreme Court considered whether the Attorney General of Minnesota, as a

2

state official, could properly be enjoined through a federal suit from enforcing an unconstitutional state statute -- notwithstanding the Eleventh Amendment bar to suits against states themselves.  The Court held that a state official could appropriately be sued in federal court to prevent enforcement of an unconstitutional state law, and set forth the following test for naming state officials as defendants in such cases:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.
>
> It has not, however, been held that it was necessary that such duty should be declared in the same act which is to be enforced.  It some cases, it is true, the duty of enforcement has been so imposed ..., but that may possibly make the duty more clear; if it otherwise exist[s] it is equally efficacious.  <u>The fact that a state officer, by virtue of his office, has some connection with the enforcement of the act is the important and material fact</u>, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists.
>
> ... It might exist by reason of the general duties of the officer to enforce it as a law of the state.

209 U.S. at 157 (emphasis added).

Subsequent case law has emphasized that "a general obligation to enforce or execute state laws" is typically "sufficient to meet the connection with enforcement requirement of <u>Ex parte Young</u>."  <u>National Association for the Advancement of</u>

Colored People v. State of California, 511 F.Supp. 1244, 1255 (E.D. Cal. 1981), aff'd, 711 F.2d 121 (9th Cir. 1983). See also Allied Artists Pictures Corp. v. Rhodes, 473 F. Supp. 560, 566 (S.D. Ohio 1979) ("Young unequivocally concedes that a state officer's connection with the enforcement of the challenged act can '[arise] out of the general law ... so long as it exists.'"), subsequent decision, 496 F. Supp. 408 (S.D. Ohio 1980), aff'd in pertinent part, 697 F.2d 656, 665 n.5 (6th Cir. 1982); City of Altus v. Carr, 255 F. Supp. 828, 834-35 (W.D. Tex.) (stressing that merely "some connection with the enforcement" of the challenged act, created through general powers of office or otherwise, need be shown), aff'd per curiam, 385 U.S. 35 (1966). Only in those few instances where the challenged statute relates solely to the allocation of interests between private parties,[1] or the defendant state officer can establish that he has absolutely no enforcement power over the particular enactment,[2] can a state official vested with general law enforcement power

---

[1] See Shell Oil Co. v. Noel, 608 F.2d 208, 212 (1st Cir. 1979) ("an attorney general has not a sufficient intimate connection with the statute to be a proper defendant if all that is shown is that the statute in question determines the right of one private person to recover from another").

[2] See McCrimmon v. Daley, 418 F.2d 366, 268 (7th Cir. 1969) ("this statute makes it plain that it is merely permissive enabling legislation;" thus the attorney general has no enforcement role).

succeed in showing that he is not a proper defendant to a federal constitutional suit concerning a state statute.³

As the Court of Appeals for the Fifth Circuit has recently recognized, with approval, "most federal actions seeking an injunction against enforcement of an unconstitutional state statute" begin by "the plaintiffs su[ing] the attorney general." Hirtz v. State of Texas, 974 F.2d 663, 664 (5th Cir. 1992) (holding state attorney general to have been proper defendant in Fifth Amendment challenge to Texas Open Beaches Act).⁴ This common practice in federal court, triggered by the Eleventh Amendment and validated by Ex parte Young, was appropriately followed here, as explained below.

## II. PLAINTIFF'S CLAIM AGAINST DEFENDANT EVANS SATISFIES THE TEST OF EX PARTE YOUNG.

Attorney General Evans "has some connection with the enforcement of" Section 16-1-28 and thus is a proper defendant under the test of Ex parte Young, 209 U.S. at 157. The Attorney

---

³Contrary to the Attorney General's arguments, his assertion that he would comply with this Court's order even if he were not a defendant cannot suffice to remove him from this case. Plaintiff seeks the security of an injunction that directly applies to the Attorney General and his successors in office, and thus has named him as a defendant. The burden therefore falls on the defendant Attorney General to show that he is not a proper party to this action under Ex parte Young -- not that he would comply with an injunction against some other defendant -- and this correct burden is one that he cannot sustain, see infra.

⁴See, e.g., Bowers v. Hardwick, 478 U.S. 186 (1986) (example of state attorney general as the defendant in a constitutional challenge, seeking declaratory and injunctive relief, to a state statute); Lewis v. Baxley, 368 F. Supp. 768 (M.D. Ala. 1973) (same).

5

General does not and cannot deny the allegation, contained in paragraph 5 of plaintiff's Complaint, that "Evans is responsible for enforcing and defending the laws of this state, including Section 16-1-28 of Alabama Education Code." See also Answer of Defendants Whiddon and Adams, ¶ 4 (admitting allegations in paragraph 5 of the Complaint).

Indeed, in the present motion defendant Evans implicitly concedes the fact that he has enforcement power concerning Section 16-1-28, because he makes a point of asserting that "the Attorney General intends to fully comply with all final Orders of this Court," Motion to Dismiss Filed on Behalf of James E. Evans, ¶ 3. If the Attorney General had no enforcement authority over Section 16-1-28, that assertion would be meaningless. Moreover, the two recent opinions of the Attorney General that relate to Section 16-1-28 indicate that, absent court order, he will use his enforcement authority (and lesser state officials will follow his opinions) to prevent groups such as plaintiff Gay Lesbian Bisexual Alliance from using public funds and facilities on Alabama college campuses; both of those opinions contend that the language of Section 16-1-28 could be constitutionally applied to gay and lesbian student groups.

In addition, both the structure of Section 16-1-28 and provisions of general Alabama law plainly show that the Attorney General does play a role in enforcing that statute. First, the law at issue in this case, through its structure and language, contemplates enforcement from the highest level of state

6

government -- not merely from college and university administrators. This necessary enforcement above the university level is shown by part (a) of Section 16-1-28, which applies directly to colleges and universities. The prohibition in part (a) would have to be enforced against those schools by officials in Montgomery. Second, the Attorney General is the official in the state capital who is invested with the power to routinely enforce such a state law. As Section 36-15-12 of the Alabama Code states, "[t]he Attorney General is authorized to institute and prosecute, in the name of the state, all civil actions and other proceedings necessary to protect the rights and interests of the state." See also Ala. Code § 36-15-21 ("[a]ll litigation concerning the interest of the state, or any department thereof, shall be under the direction and control of the attorney general"); Ala. Code § 36-15-1 (attorney general's duties generally).[5]

Thus, given all of the defendants' apparent understanding that the Attorney General has some connection to the enforcement of Section 16-1-28, the language of that provision itself, and the Attorney General's broad enforcement powers to protect the interests of the State of Alabama, there can be no doubt that he

---

[5] Here the Attorney General, as the protector of the State of Alabama's concerns, clearly has an interest in the question of Section 16-1-28's constitutional validity -- the statute directs how state funding and facilities should be used, prohibiting certain uses thereof. The Attorney General thus errs in contending that he is not a real party in interest in this litigation. Cf. Motion to Dismiss Filed on Behalf of James H. Evans, ¶ 1.

7

is a proper party in this case under Ex parte Young. The Attorney General has not even attempted to argue otherwise, but instead has made assertions based upon state civil practice and upon his views about how this litigation should have been structured that are irrelevant to the relief he seeks.[6] Plaintiff, therefore, respectfully requests that the Attorney General's motion to dismiss be denied.

### III. PLAINTIFF HAS CONSTRUCTED THIS SUIT TO OBTAIN FULL RELIEF THROUGH RELATIVELY SIMPLE, EFFICIENT LITIGATION.

Although an analysis of plaintiff's overall litigation strategy is not properly before the Court on this motion by defendant Evans, plaintiff nonetheless wishes to respond briefly to two assertions that Evans makes about plaintiff's structuring of and approach to this litigation. First, the Attorney General erroneously states that "Plaintiff contends that the Attorney General is a necessary Party, because the University of South Alabama Defendants have no authority over the State's other institutions of higher learning." Def. Mem. at 3. While it is true that Defendants Whiddon and Adams cannot control what

---

[6]The only federal case that Evans cites in his motion papers, Delchamps, Inc. v. Alabama State Milk Control Board, 324 F. Supp. 117 (M.D. Ala. 1971), has no bearing on the present motion -- unless Attorney General Evans is prepared to concede that Section 16-1-28 is unconstitutional. In Delchamps, a new Attorney General of Alabama sought to change the Attorney General's position in that litigation because, unlike his predecessor, he viewed the Alabama Milk Control Act as violating the federal constitution. The Court permitted him to change from a party defendant to a party plaintiff suing the Alabama State Milk Control Board.

8

enforcement action is taken pursuant to 16-1-28 at other universities, the more important point is that those defendants cannot even fully control the enforcement of that act at the University of South Alabama ("USA"). Plaintiff has named Attorney General Evans as a defendant because, as explained above, he can enforce Section 16-1-28 at USA, with or without school officials' cooperation, and thereby infringe upon the First Amendment rights of plaintiff's members. He is named along with defendants Whiddon and Adams to provide plaintiff complete relief **at USA**. That relief will also have the beneficial effect of protecting students at other universities throughout the state from enforcement of Section 16-1-28 by the Attorney General, but that effect is not the primary reason for naming Evans as a defendant. Losing the Attorney General as a defendant would significantly prejudice plaintiff's ability to secure an adequate remedy through this suit.

Second, Evans suggests that "Plaintiff also has the option of joining the University of South Alabama Defendants as class representatives." Def. Mem. at 3 n.1. Indeed, plaintiff might have structured this suit to be one on behalf of a plaintiff class against a defendant class, or could have simply named many more state officials as defendants. Plaintiff, however, has endeavored to craft the most efficient, streamlined challenge to this state enactment that will effectively remove its threat to important First Amendment freedoms. The Attorney General cannot escape his role as a defendant in the suit that plaintiff has in

9

fact put together by suggesting alternative configurations. Rather, to succeed on this motion to dismiss, he would have to establish that he is not a proper party under the analysis of <u>Ex parte Young</u>.  Because defendant cannot make that showing, <u>see supra</u>, plaintiff's structuring of the suit should proceed, unaltered, to an ultimate decision on the merits.

### CONCLUSION

For all the foregoing reasons, plaintiff respectfully asks this Court to deny defendant Evans's motion to dismiss in its entirety.

November 4, 1993

*Fern Singer*
Fern Singer
Watterson and Singer
Post Office Box 530412
Birmingham, Alabama 35253
(205) 871-3980
As Cooperating Attorney
    for the ACLU of Alabama

Ruth E. Harlow
William B. Rubenstein
American Civil Liberties
    Union Foundation
132 West 43rd Street
New York, New York 10036
(212) 944-9800, Ext. 545

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant Jimmy Evans's Motion to Dismiss upon counsel for all defendants, by delivering one copy of the Memorandum, addressed as follows, to Federal Express for delivery on November 5, 1993:

>Howard Mandell, Esq.
>25 South Court Street
>Montgomery, Alabama  36104

>George W. Walker III
>J. Fairley McDonald III
>Copeland, Franco, Screws & Gill
>444 South Perry Street
>Montgomery, Alabama  36104

Dated:   November 4, 1993

_____
Ruth E. Harlow