IN THE DISTRICT COURT OF THE UNITED STATES FOR THE FILED

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

DEC 27 1993

THOMAS C. CAVER, CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| GAY LESBIAN BISEXUAL ALLIANCE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 93-T-1178-N |
| JIMMY EVANS, in his official capacity as Attorney General of the State of Alabama; et al., | ) |
| Defendants. | ) |

ORDER

In this lawsuit, plaintiff Gay Lesbian Bisexual Alliance (the "GLBA"), a student organization at the University of South Alabama, challenges the enforcement of § 16-1-28 of the Alabama Code 1975 (Michie Supp. 1993), a 1992 statute which, according to the GLBA, "was enacted by the Alabama legislature ... to restrict the speech and associational rights of gay and lesbian student groups on Alabama state university campuses,"[1] and which is now being used by officials at the University of South Alabama to prohibit the GLBA from receiving public funding and using state facilities.[2]

---

1. Plaintiff's complaint filed on September 27, 1993, at 1.

2. Section 16-1-28 provides:

    "(a) No public funds or public facilities shall be used by any college or university to, directly or indirectly, sanction, recognize, or support the activities or existence of any organization or group that fosters or promotes a lifestyle or actions prohibited by the sodomy and sexual misconduct laws of Sections 13A-6-63 to 13A-6-65, inclusive.

    (b) No organization or group that receives
    (continued...)

The GLBA claims that the statute, facially and as applied, violates the first and fourteenth amendments to the United States Constitution, as enforced through 42 U.S.C.A. § 1983 (West 1981). The jurisdiction of the court has been invoked pursuant to 28 U.S.C.A. §§ 1331 (West 1993), 1343(a)(3) (West Supp. 1993). The GLBA seeks declaratory and injunctive relief, and has named as defendants the Attorney General of the State of Alabama and the President and the Dean of Students of the University of South Alabama. This matter is now before the court on the Attorney General's motion requesting that he be dismissed from this litigation. For the reasons given below, the motion will be denied.

The Attorney General contends that he is not a necessary party. At issue in this litigation, however, is a <u>state</u> statute, whose ultimate enforcement lies with the state. Because the GLBA seeks to have this court enjoin the State of Alabama from enforcing § 16-1-28 and because the eleventh amendment to the United States

---

2. (...continued)
public funds or uses public facilities, directly or indirectly, at any college or university shall permit or encourage its members or encourage other persons to engage in any such unlawful acts or provide information or materials that explain how such acts may be engaged in or performed.

(c) This act shall not be construed to be a prior restraint of the first amendment protected speech. It shall not apply to any organization or group whose activities are limited solely to the political advocacy of a change in the sodomy and sexual misconduct laws of this state."

2

Constitution bars the GLBA from naming the state itself as a defendant, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-03, 104 S.Ct. 900, 908-09 (1984); Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504 (1890), the organization must name an appropriate state official as a defendant. Ex Parte Young, 209 U.S. 123, 157, 28 S.Ct. 441, 453 (1908).

The Attorney General argues that the President and the Dean of Students of the University of South Alabama are responsible for the enforcement of § 16-1-28 at the university. An appropriate defendant in an action challenging the validity of a state statute is that state officer who, "by virtue of his office, has some connection with the enforcement of the act," Ex Parte Young, 209 U.S. at 157 28 S.Ct. at 453. The Alabama Attorney General is the chief law enforcement officer of the state, and, in this capacity, is ultimately responsible for the enforcement of § 16-1-28 not only in general, but specifically against the GLBA and the University of South Alabama itself. Indeed, it is allegedly in reliance on an "advisory opinion" from the Attorney General that University of South Alabama officials have continued their enforcement of § 16-1-28 against the GLBA.[3] The GLBA has properly named the Alabama Attorney General as a defendant. See, e.g., id. at 161, 28 S.Ct. at 454 (Attorney General's "power by virtue of his office sufficiently connected him with the duty of enforcement to make him a proper party to a suit").

---

3. Plaintiff's complaint filed on September 27, 1993, at 12-14.

The Attorney General argues that he will comply with any final decision that this or any appellate court might render in his absence. The GLBA responds that, should it prevail in this litigation, it would be entitled to more than the mere "word" of a current Attorney General. The court agrees that the Attorney General's suggestion would not provide an assurance of adequate relief. Should the GLBA prevail, it would be entitled to both current and prospective relief barring further enforcement of the statute. Only a formal injunction against the current Attorney General as a named party would serve this purpose because it would bind not only him but his successor. It is, therefore, necessary that the Attorney General remain a party to this litigation if the court is to retain the authority to enter a formal injunction which would bind both him and his successor.

The Attorney General argues that he is obligated by neither state nor federal law to defend § 16-1-28. The court agrees. Delchamps, Inc. v. Alabama State Milk Control Board, 324 F.Supp. 117 (M.D. Ala.1971) (per curiam) (three-judge court) (under the supremacy clause, a state attorney general does not have an obligation to defend a legislative enactment that he considers unconstitutional). However, this principle of law is not a reason to dismiss the Attorney General as a defendant, when his presence is necessary for adequate relief. This legal principle merely allows the Attorney General the discretion either to defend § 16-1-28 or to concede its unconstitutionality, a prerogative which he still retains as a defendant in this litigation.

Accordingly, for the above reasons, it is ORDERED that the motion to dismiss filed by defendant Jimmy Evans, as Attorney General of the State of Alabama, on October 8, 1993, is denied.

DONE, this the 27th day of December, 1993.

UNITED STATES DISTRICT JUDGE