UNITED STATES DISTRICT COURT FOR **FILED**
THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

FEB 18 1994

THOMAS C. CAVER, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| GAY LESBIAN BISEXUAL ALLIANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. CV-93-T-1178-N |
| ) | |
| JIMMY EVANS, et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT JIMMY EVANS

Comes now Defendant Jimmy Evans, in his official capacity as Attorney General of the State of Alabama, by and through his attorney, and files this his Answer to the Complaint filed by Plaintiff Gay Lesbian Bisexual Alliance:

1. To the extent that Paragraph 1 requires any answer of this Defendant, the allegations of said Paragraph are denied, and this Defendant demands strict proof thereof.

2. Defendant acknowledges that the Court has jurisdiction over the subject matter of this action.

3. Defendant admits that venue is proper in the Middle District of Alabama.

4. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of Paragraph 4.

5. Admitted.

6. Admitted.

7. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of Paragraph 7.

8. Admitted.

9-10. Admitted.

11. Defendant admits the allegations of the first sentence of Paragraph 11 but lacks sufficient knowledge or information to either admit or to deny the allegations of the second sentence.

12-13. Defendant is without sufficient knowledge or information to either admit or to deny the allegations of Paragraphs 12 and 13.

14. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of Paragraph 14.

15. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of Paragraph 15.

16. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of Paragraph 16.

17. Admitted, except Defendant lacks sufficient knowledge or information to either admit or to deny that the opinion letter was issued while the "bill was being considered by the Alabama legislature".

18. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of Paragraph 18.

19. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of Paragraph 19.

20. Defendant admits the allegations of the first two (2) sentences of Paragraph 20 but denies the allegations of the last two (2) sentences of said Paragraph and demands strict proof thereof.

21. Admitted.

22. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of the first sentence of Paragraph 22 and denies the allegations of the second sentence of Paragraph 22 and demands strict proof thereof.

23. Defendant denies the allegations of Paragraph 23 and demands strict proof thereof.

24. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of the first sentence of Paragraph 24 and denies the allegations of the second sentence of Paragraph 24 and demands strict proof thereof.

25. Defendant denies the allegations of Paragraph 25 and demands strict proof thereof.

26-29. Defendant denies the allegations of Paragraphs 26 through 29 and demands strict proof thereof.

30-33. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of Paragraphs 30 through 33.

34. Defendant admits that Defendant Adams wrote a letter to him, dated February 12, 1993, seeking an opinion from his office concerning the statute in question.

35-38. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of Paragraphs 35 through 38.

39. Defendant admits the allegations of Paragraph 39.

40-41. Defendant lacks sufficient knowledge or information to either admit or to deny the allegations of Paragraphs 40 and 41.

42-44. Defendant lacks sufficient knowledge or information to either admit or to deny those allegations of Paragraphs 42 through 44 relating to the activities and fears of GLBA. Defendant denies the allegations of Paragraphs 42 through 44 relating to the role and effect of the challenged statute and demands strict proof thereof.

45. Defendant incorporates by reference his answers to the prior Paragraphs of the Complaint.

46-48. Defendant denies the allegations of Paragraphs 46 through 48 and further denies that he has any liability to the Plaintiff under the "First Cause of Action" of the Complaint.

49. Defendant incorporates by reference his answers to the prior Paragraphs of the Complaint.

50-52. Defendant denies the allegations of Paragraphs 50 through 52 and further denies that he has any liability to the Plaintiff under the "Second Cause of Action" of the Complaint.

53. Defendant incorporates by reference his answers to the prior Paragraphs of the Complaint.

54-56. Defendant denies the allegations of Paragraphs 54 through 56 and further denies that he has any liability to the Plaintiff under the "Third Cause of Action" of the Complaint.

57. Defendant incorporates by reference his answers to the prior Paragraphs of the Complaint.

58-60. Defendant denies the allegations of Paragraphs 58 through 60 and further denies that he has any liability to the Plaintiff under the "Fourth Cause of Action" of the Complaint.

Prayer for Relief

(1) Defendant denies that the Public Funds and Facilities Statute, codified as §16-1-28, Code of Alabama (1975), is facially unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

(2) Defendant denies that the Public Funds and Facilities Statute, as applied, is unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

(3) Defendant denies that Plaintiff is entitled to any injunctive relief concerning further enforcement or application of §16-1-28 of the Code of Alabama (1975).

(4) Defendant denies that Plaintiff is entitled to a reasonable attorney's fee and costs.

(5) Defendant denies that Plaintiff is entitled to any different or further relief of any type or nature.

Defendant affirmatively alleges that the Public Funds and Facilities Statute, codified as §16-1-28, Code of Alabama (1975), is constitutional on its face and as applied.

This the 18th day of February, 1994.

_Howard A. Mandell_
Howard A. Mandell
ATTORNEY FOR JIMMY EVANS, IN HIS
OFFICIAL CAPACITY AS ATTORNEY
GENERAL OF THE STATE OF ALABAMA

25 South Court Street
Post Office Box 4248
Montgomery, AL 36103
(205) 262-1666

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing ANSWER have been furnished to the following by United States Mail, postage prepaid, on this the 18th day of February, 1994:

> Honorable Fern Singer
> Attorney for Alabama Civil Liberties Union
>   of Alabama
> Post Office Box 530412
> Birmingham, Alabama  35253
>
> Honorable Ruth E. Harlow
> Attorney for American Civil Liberties Union
>   Foundation
> 132 West 43rd Street
> New York, New York  10036
>
> Honorable J. Fairley McDonald, III
> Honorable George W. Walker, III
> Attorney for Defendants Frederick P.
>   Whiddon and Dale T. Adams
> Post Office Box 347
> Montgomery, Alabama  36101-0347

_____
Howard A. Mandell