RECEIVED    UNITED STATES DISTRICT COURT FOR FILED
'96 FEB 16   AM 10 35   THE MIDDLE DISTRICT OF ALABAMA
                        NORTHERN DIVISION
                                                              1 1996
GAY LESBIAN BISEXUAL ALLIANCE,          )
U.S. DISTRICT ALA
MIDDLE DISTRICT   Plaintiff,            )
                                        )
                                        )
            vs.                         )
                                        )
JEFF SESSIONS, in his official capacity )
as Attorney General of the State of     )    Civil Action
Alabama, FREDERICK P. WHIDDON, in his   )    No. 93-T-1178-N
official capacity as President of the   )
University of South Alabama, and DALE   )
T. ADAMS, in his official capacity as   )
Dean of Students of the University of   )
South Alabama,                          )
                                        )
            Defendants.                 )

### PLAINTIFF'S OPPOSITION TO DEFENDANT
### SESSIONS' MOTION FOR A PARTIAL STAY PENDING APPEAL

Plaintiff Gay Lesbian Bisexual Alliance (GLBA) hereby

opposes Defendant Jeff Sessions' motion for a partial stay

pending appeal and respectfully requests that the motion be

denied in full.  In support of its opposition, GLBA relies upon

this memorandum, the accompanying Declarations of Alan Clampett,

Sean Lloyd, Catherine Lopez Wessell, David Donaldson, and Thomas

H. Savage, the Court's January 29, 1996, Memorandum Opinion and

Judgment, the Joint Record submitted on March 18, 1994,

Plaintiff's Brief on the Merits, and Plaintiff's Reply Brief.

### THE STANDARD GOVERNING SESSIONS' MOTION

As this Court summarized in Dillard v. City of Greensboro,

870 F. Supp. 1031 (M.D. Ala. 1994),

> A stay [pending appeal] is considered
> "extraordinary relief" for which the moving
> party bears a "heavy burden."  Winston-
> Salem/Forsyth County Bd. of Educ. v. Scott,

> 404 U.S. 1221, 1231, 92 S.Ct. 1236, 1241, 31
> L.Ed.2d 441 (1971) (Burger, C.J., in
> chambers).  The United States Supreme Court
> has held that in determining whether to grant
> a stay pending resolution of an appeal,
> courts must examine the following factors:
> "(1) whether the stay applicant has made a
> strong showing that he is likely to succeed
> on the merits; (2) whether the applicant will
> be irreparably injured absent a stay; (3)
> whether issuance of the stay will
> substantially injure the other parties
> interested in the proceeding; and (4) where
> the public interest lies."  Hilton v.
> Braunskill, 481 U.S. 770, 776, 107 S.Ct.
> 2113, 2119, 95 L.3d.2d 724 (1987); see also
> United States v. Bogle, 855 F.2d 707, 708
> (11th Cir. 1988).

870 F. Supp. at 1033.

Thus, to secure a stay, the movant must show that he "is

likely to prevail," that without a stay he will suffer

"irreparable injury," that the opposing party will suffer "no

substantial harm" from the stay, and "that the public interest

will be served" by his request.  Garcia-Mir v. Meese, 781 F.2d

1450, 1453 (11th Cir. 1986).  The only exception to those four

requirements allows a stay where the movant makes "the lesser

showing of a 'substantial case on the merits'"[1] but also shows

that "'the balance of equities [identified in factors 2, 3, and

4] weighs heavily in favor of granting the stay.'"  Garcia-Mir,

781 F.2d at 1453 (11th Cir. 1986) (quoting Ruiz v. Estelle, 650

F.2d 555, 565 (5th Cir. 1981)) (emphasis added).

---

[1]Under Ruiz, this "substantial case on the merits" showing
must involve "a serious legal question" that is open to dispute.
See Ruiz v. Estelle, 650 F.2d at 565; Wildmon v. Berwick
Universal Pictures, 983 F.2d 21, 23 (5th Cir. 1992).

## SESSIONS HAS FAILED TO ESTABLISH
## ANY OF THE PREREQUISITES FOR A STAY

Sessions' motion papers fail to establish any of the four requirements for a stay. Indeed, the governing four factors strongly favor plaintiff and the denial of a stay.

1.   No Likelihood Of Success Or Substantial
     Case On The Merits Of A Serious Legal Question

Sessions' motion cites not a single case that assertedly supports the merits of his appeal. Apparently conceding that he cannot show a likelihood of success, Sessions instead argues that his appeal will "present [] a serious legal question [because] the broad implications of equating advocacy to violat[e] the law with First Amendment protected speech endanger[] future application of State criminal solicitation and conspiracy laws" and that the "State will present a substantial case on the merits of this issue." Motion For Partial Stay ¶ 8. Yet he provides no support for those conclusory assertions -- assertions completely undermined by clear, governing Supreme Court precedent that has already drawn a careful line between advocacy urging violation of a law and actual criminal activity.

The Supreme Court has repeatedly emphasized that mere advocacy to violate the law is protected by the First Amendment. See, e.g., Brandenburg v. Ohio, 395 U.S. 444, 447-49 (1969). At the same time, the Court has also made clear that solicitation to commit a crime, even though accomplished by expression, lies outside the protection of the First Amendment. See, e.g.,

3

Konigsberg v. State Bar, 366 U.S. 36, 49 n.10 (1961). Contrary
to Sessions' bald assertion, there is no possibility of a ruling
such as the one in this civil case, which touches on advocacy to
violate the law, endangering the state's ability to punish
criminal solicitation or conspiracy.

Similarly, Sessions' two other proffered grounds for appeal,
see Motion For Partial Stay ¶ 2, are contradicted by Supreme
Court decisions directly on point. Where a statute imposes
content- or viewpoint-based limitations on speech, that law is
presumptively unconstitutional and the appropriate remedy is a
declaration of facial invalidity. See, e.g., R.A.V. v. City of
St. Paul, 505 U.S. 377 (1992); Simon & Schuster v. New York State
Crime Victims Board, 502 U.S. 105 (1991). Thus, Sessions errs in
contending that "the District Court's decision was overly broad."
Motion For Partial Stay ¶ 2. Likewise, Rosenberger v. Rector &
Visitors of Univ. of Virginia, ___ U.S. ___, 115 S. Ct. 2510
(1995), in exactly the same university context, refutes Sessions'
assertion that "the State can legitimately decide that it will
not fund the advocacy of the violation of its laws" while funding
speech with other viewpoints. Motion For Partial Stay ¶ 2.

The motion for a partial stay, therefore, is supported
neither by a showing of likelihood of success on the merits, nor
even by the lesser showing of a substantial case on a serious
legal question. This deficiency alone requires that the motion
be denied. See United States v. Hamilton, 963 F.2d 322, 323
(11th Cir. 1992).

4

2.   No Irreparable Harm To Movant

The only impending "irreparable harm" that Sessions advances as the basis for his stay motion is the expenditure of public funding in a manner with which some members of the public and the state government disagree. Motion For Partial Stay ¶¶ 3, 8.  His characterization of this harm as irreparable is contradicted by well-established law. "Binding precedent establishes that injuries in terms of money ... necessarily expended in the absence of a stay are not irreparable." United Paperworkers International v. ITT Rayonier, Inc., 752 F. Supp. 427, 431 (M.D. Fla. 1990) (citing Sampson v. Murray, 415 U.S. 61, 90 (1974); Northeastern Florida Chapter of Assoc. of General Contractors of America v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990); and United States v. Jefferson County, 720 F.2d 1511, 1520 (11th Cir. 1983)), affirmed, 931 F.2d 832 (11th Cir. 1991).

In addition, to the extent Sessions offers an interest in stopping a conference the expressive content of which some citizens and some state officials oppose, that interest is an illegitimate one and cannot be factored in as "harm" to the state. See Simon & Schuster, 502 U.S. at 118 (government must "disclaim[] ... any state interest in suppressing [expression] out of solicitude for the sensibilities" of those who might be exposed to it); Texas v. Johnson, 491 U.S. 397, 414 (1989) and other cases cited in the Memorandum Opinion at 20.  Likewise, the Attorney General has no legitimate interest in enforcing a law,

5

Section 16-1-28, that has been declared unconstitutional.  But see Motion For Partial Stay ¶ 8.

No irreparable harm would accrue to the Attorney General or to the state if Sessions' stay motion is denied.

## 3. Substantial Harm To Opposing Party

By contrast, substantial and irreparable harm to plaintiff Gay Lesbian Bisexual Alliance and to the public interest would occur if a stay is granted.  The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."  Elrod v. Burns, 427 U.S. 347, 373 (1976).

Here, the Attorney General asks for an order staying "the portion of the declaratory judgment that holds § 16-1-28 ... unconstitutional on its face," evidencing his willingness to accept only the Court's conclusions about the past unconstitutional enforcement of that statute against plaintiff GLBA's protected expressive and associational activity. Sessions' motion papers show that he will continue to target gay and lesbian student groups for future enforcement of Section 16-1-28 and that he is currently monitoring their on-campus and computer activities.  See Motion For Partial Stay and Affidavit of Maury Mitchell.  As Sessions' counsel admitted in our joint telephone conversation with the Court on February 9, 1996, the Attorney General's most immediate goal is to enforce Section 16-

1-28 to stop the planned Lesbian, Gay and Bisexual College
Conference at the University of Alabama.

Sessions' blocking of that conference and his office's
continuing efforts to enforce Section 16-1-28 in new factual
situations will irreparably injure plaintiff, should the stay
motion be granted. Plaintiff GLBA's President and at least one
other of its members will travel to Tuscaloosa for the upcoming
conference, to gather information and make connections that will
help GLBA to flourish at the University of South Alabama. See
Declarations of Alan Clampett and Sean Lloyd; see also
Declarations of Catherine Lopez Wessell, David Donaldson, and
Thomas H. Savage (describing content and purposes of conference).
If that conference is thwarted, plaintiff GLBA will be denied
access to useful ideas and contacts and its future success will
be dampened. See id.; see also Declaration of George Hite Wilson
(in Joint Record) ¶ 4 ("'primary goal of [GLBA] is to further
basic human rights and awareness within the university, among the
students, and in the community-at-large'"). The state's
threatened interference with the conference will therefore
inflict immediate injury, by denying it participation in the
conference, and sustained injury, by denying it helpful
information and tools for its future activities, to GLBA's First
Amendment freedoms.

Moreover, the Attorney General's continued push to enforce
Section 16-1-28 in whatever new circumstances he sees fit creates
a substantial chilling effect on plaintiff and all others

7

similarly situated in the state. A stay of the declaration that Section 16-1-28 is unconstitutional on its face would simply pave the way for additional First Amendment injury, inflicted through whatever means the Attorney General's monitoring efforts might provoke. See Motion For Partial Stay and Affidavit of Maury Mitchell.

## 4. Contrary To The Public Interest

Finally, Sessions' motion fails on the fourth factor as well. With the present motion, not only plaintiff GLBA's First Amendment interests, but those of many others are at stake. See Declarations of Catherine Lopez Wessell, David Donaldson, and Thomas H. Savage. In such a case, the interest of the public "certainly augurs in favor of [allowing the protected First Amendment activity to take place], not in keeping it under wraps." Wildmon v. Berwick Universal Pictures, 983 F.2d at 24. The stay should be denied to ensure that the Lesbian, Gay and Bisexual College Conference can take place as planned and that other protected expression and association is not chilled or censored, under the guise of Section 16-1-28, pending appeal. The statute challenged in this case, and appropriately declared unconstitutional on its face, is exactly the type of legislation that if allowed to be enforced at all "'create[s] an unacceptable risk of the suppression of ideas.'" Secretary of State v. Joseph H. Munson Co., Inc., 467 U.S. 947, 995 n.13 (1984).

8

## CONCLUSION

For all the foregoing reasons, plaintiff GLBA asks that the Court deny in full defendant Sessions' motion for a partial stay.

Dated:     February 12, 1996

Ruth E. Harlow
Matthew A. Coles
American Civil Liberties
  Union Foundation
132 West 43rd Street
New York, New York  10036
(212) 944-9800, ext. 551

Fern Singer
2222 Arlington Ave. South
Post Office Box 55727
Birmingham, Ala.  35255
(205) 930-5158

ATTORNEYS FOR PLAINTIFF

9

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Opposition
To Defendant Sessions' Motion For A Partial Stay Pending Appeal
was today served on all counsel for defendants via facsimile
transmission and via U.S. mail, postage pre-paid, and addressed
as follows:

> Thomas F. Parker IV
> Deputy Attorney General
> Office of the Attorney General
> Criminal Appeals Division
> 11 South Union Street
> Montgomery, Alabama  36130
> Facsimile Number:  (334) 242-2848

> J. Fairley McDonald, III
> George W. Walker, III
> Copeland, Franco, Screws & Gill, P.A.
> Post Office Box 347
> Montgomery, Alabama  36101
> Facsimile Number:  (334) 834-3172

This 12th day of February, 1996.

Ruth E. Harlow
American Civil Liberties
 Union Foundation
132 West 43rd Street
New York, New York  10036
(212) 944-9800, ext. 551

Attorney for Plaintiff

10