RECEIVED UNITED STATES DISTRICT COURT FOR        FILED
            THE MIDDLE DISTRICT OF ALABAMA
'96 FEB 16  AM 10 36      NORTHERN DIVISION                   1  1996

        CLK
GAY LESBIAN BISEXUAL ALLIANCE,              )
    U.S. DISTRICT COURT                      )
    MIDDLE DISTRICT ALA Plaintiff,           )
                                             )
        vs.                                  )
                                             )
JEFF SESSIONS, in his official capacity      )
as Attorney General of the State of          )    Civil Action
Alabama, FREDERICK P. WHIDDON, in his        )    No. 93-T-1178-N
official capacity as President of the        )
University of South Alabama, and DALE        )
T. ADAMS, in his official capacity as        )
Dean of Students of the University of        )
South Alabama,                               )
                                             )
        Defendants.                          )


                PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF
            PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62(c)

        Plaintiff Gay Lesbian Bisexual Alliance (GLBA) hereby moves

this Honorable Court, pursuant to the Memorandum Opinion and

Judgment entered on January 29, 1996, and Federal Rule of Civil

Procedure 62(c), for an injunction enjoining defendant Jeff

Sessions, his agents, employees, and attorneys, and all persons

in active concert and participation with him, from taking any

further steps to enforce Section 16-1-28 against plaintiff GLBA

or against the Gay Lesbian Bisexual Alliance of the University of

Alabama (GLBA-UA) and its upcoming Lesbian, Gay and Bisexual

College Conference of the Southeastern United States, scheduled

for February 16 and 17, 1996.

        In support of its motion, GLBA relies upon this document,

the accompanying Declarations of Alan Clampett, Sean Lloyd,

Catherine Lopez Wessell, David Donaldson, and Thomas H. Savage,

Plaintiff's Opposition To Defendant Sessions' Motion For A
Partial Stay Pending Appeal, the Court's Memorandum Opinion and
Judgment, the Joint Record submitted on March 18, 1994,
Plaintiff's Brief on the Merits, and Plaintiff's Reply Brief.   In
addition, GLBA submits a proposed Order Of Injunction herewith.

The grounds for ordering the requested injunctive relief are
as follows:

1.   On January 29, 1996, this Court held that Section 16-1-
28 of the Alabama Education Code "facially and as applied to
GLBA, violates the first amendment." Mem. Op. at 25.   Having no
reason to believe that the defendants would attempt to enforce
the statute after this declaration of invalidity, the Court
declined to provide the injunctive relief requested by plaintiff.
The Court explicitly stated, however, that "jurisdiction will be
retained should an injunction or other supplemental relief become
necessary."  Id.; see also Judgment entered on January 29, 1996.

2.   On February 5, 1996, defendant Jeff Sessions filed a
Notice of Appeal.   Such a notice, as a general matter, transfers
jurisdiction over the case to the Court of Appeals.   One
exception to that general transfer of jurisdiction, however, is
set forth in Federal Rule of Civil Procedure 62(c), which
provides that during the pendency of an appeal from "an
interlocutory or final judgment granting, dissolving, or denying
an injunction, the [district] court may suspend, modify, restore,
or grant an injunction ...." Fed. R. Civ. P. 62(c) (emphasis
added).   That power enables the district court to "maintain the

2

status quo and insure the enforcement of its previous orders"
while the appeal is under consideration.  See Plaquemines Parish
Commission Council v. United States, 416 F.2d 952, 954 (5th Cir.
1969).  As explained in more detail below, the granting of an
injunction here is necessary to preserve the status quo, to
accomplish the enforcement of the Court's prior orders, and to
prevent imminent violations of the First Amendment that are
contrary to those prior judicial orders.

    3.  Four factors determine whether a motion under Rule 62(c)
should be granted:

> (1) whether the ... applicant has made a
> strong showing that he is likely to succeed
> on the merits; (2) whether the applicant will
> be irreparably injured absent [the requested
> order]; (3) whether issuance [of the
> requested relief] will substantially injure
> the other parties interested in the
> proceeding; and (4) where the public interest
> lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see also 7
Moore's Federal Practice ¶ 62.05 (1995).  All four factors
strongly indicate that GLBA's requested injunction should be
entered.[1]

_____

[1]Under an alternative standard for Rule 62(c) motions, if
the applicant shows that it can present a substantial case on the
merits of a serious legal question, rather than the more rigorous
likelihood of success, it can still obtain the requested relief
if all three of the other factors heavily weigh in its favor.
See Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986);
Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981).  Because
plaintiff can meet the traditional standard, including likelihood
of success, this motion does not apply that alternative standard,
though plaintiff can clearly satisfy it as well.

3

## Likelihood Of Success

This Court has already fully considered the merits of
plaintiff's claims and found not simply a likelihood of success,
but clearly meritorious causes of action.  See Memorandum Opinion
at 25 & n.46 (holding Section 16-1-28 facially and as applied to
GLBA to violate the First Amendment; agreeing with plaintiff that
Section 16-1-28 is also unconstitutionally vague and overbroad).

As the Court alluded to, Memorandum Opinion at 11, "[t]he
outcome of this case is significantly guided, if not determined
by" prior decisions of the Supreme Court.  Plaintiff's
overwhelmingly likely success in defending against defendant
Sessions' appeal is supported by Rosenberger v. Rector & Visitors
of Univ. of Virginia, ___ U.S. ___, 115 S. Ct. 2510 (1995);
Widmar v. Vincent, 454 U.S. 263 (1981); and Healy v. James, 408
U.S. 169 (1972); among other Supreme Court decisions.  Likewise,
numerous court of appeals decisions and a decision of the Florida
Supreme Court agree with this Court's treatment of plaintiff's
claims.  See, e.g., cases cited in Memorandum Opinion at 16-17.
See also Plaintiff's Brief on the Merits.

Plaintiff's likelihood of continued success in this case is
further supported by defendant Sessions' failure to point to a
single case that might lend credence to his own claim of a
"substantial" question for appeal.  See Motion For Partial Stay;
see also Plaintiff's Opposition To Defendant Sessions' Motion For
A Partial Stay Pending Appeal at 3-4.

4

## Threatened Irreparable Injury To GLBA

The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). Plaintiff GLBA's First Amendment rights have been injured for almost four years by the impact of Section 16-1-28. Now, just when plaintiff believed that it had vindicated those rights and that the threat posed by Section 16-1-28 had been completely lifted, defendant Sessions seeks to impose new injury upon plaintiff's freedom of association and expression by taking action against the upcoming Lesbian, Gay and Bisexual College Conference at the University of Alabama. Indeed, Sessions has sought this Court's intervention in his favor so that he will be free to move against the use of public facilities and funds by that conference and thereby prevent it from happening. See Motion For Partial Stay.

The present threat to plaintiff's First Amendment protections is no less great simply because Sessions is about to violate them through indirection. Just as GLBA-UA is shielded by the First Amendment in putting on the conference, plaintiff GLBA's members -- as participants and recipients of information -- are also protected. See, e.g., Kleindienst v. Mandel, 408 U.S. 753, 762-63 (1972) ("'[i]t is now well established that the Constitution protects the right to receive information and ideas'"; "'[i]t is the right of the public to receive suitable access to social, political, moral, and other ideas and experiences which is crucial here'") (citations omitted).

Similarly, the fact that GLBA's desired associations on February
16 and 17 will take place in Tuscaloosa and not in Mobile does
not diminish the organization's protection in pursuing those
associations.

As the Declarations of Alan Clampett and Sean Lloyd
establish, members of GLBA are planning to attend the University
of Alabama conference to obtain information and establish
contacts that will help GLBA become a stronger and more effective
organization. See, e.g., Declaration of Alan Clampett ¶ 4 ("I
hope to bring back to Mobile useful information, ideas and
contacts that will enable our group to become an even stronger
presence at the University of South Alabama"); Declaration of
Sean Lloyd ¶ 4 ("[b]y attending the conference's workshops and
lectures, talking with other conference attendees, and collecting
the written materials available at the conference, I will learn
more about issues of importance to our organization"). In
addition, the declarations submitted by the three coordinators of
the conference conclusively show that the event will be core
First Amendment activity. See Declarations of Catherine Lopez
Wessell; David Donaldson; Thomas H. Savage.

During counsels' telephone conversation with the Court on
February 9, 1996, Sessions' counsel admitted that the Attorney
General's pressing desire is to enforce Section 16-1-28 against
the GLBA-UA conference. If Sessions is allowed to bar that
gathering from public facilities and the use of public funds, the
organizers have no alternative space in which to hold the event,

6

nor do they have alternative resources, and it will thus be
cancelled.  See Declaration of Catherine Lopez Wessell ¶ 15;
Declaration of Thomas H. Savage ¶ 5.  That action will impose
irreparable injury on plaintiff.

Furthermore, despite the Court's January 29 ruling, Sessions
and his agents are continuing to target gay and lesbian student
groups on Alabama university campuses for injurious intervention.
See Motion For Partial Stay and Affidavit of Maury Mitchell.
Their actions not only threaten irreparable injury by
cancellation of a one-time-only conference, but also through the
chilling effect that continues to be imposed by their
investigative efforts.  The facts now before the Court thus argue
especially strongly for injunctive relief to protect plaintiff.

## No Substantial Harm To Defendants

Entering an injunction to enforce the Court's prior Judgment
will not substantially harm any of the judicially-cognizable
interests of defendant Sessions, nor will it harm either of the
other defendants.  In keeping with the impermissible purpose
behind Section 16-1-28, see Memorandum Opinion at 15-16, Sessions
apparently seeks to block the GLBA-UA conference because some
state officials and members of the public oppose its content and
viewpoint.  The state, however, has no legitimate interest in
that singling out of a particular, disfavored message for
censorship.  See Simon & Schuster v. New York State Crime Victims
Board, 502 U.S. 105, 118 (1991); see also Texas v. Johnson, 491

U.S. 397, 414 (1989) and other cases cited in the Memorandum
Opinion at 20.

### The Public Interest Favors The Injunction

Finally, the fourth Rule 62(c) factor, like the previous
three, supports plaintiff's motion. Not only plaintiff GLBA's
First Amendment interests, but those of many others are at stake
here. See Declarations of Catherine Lopez Wessell, David
Donaldson, and Thomas H. Savage. In such a case, the interest of
the public "certainly augurs in favor of [allowing the protected
First Amendment activity to take place], not in keeping it under
wraps." Wildmon v. Berwick Universal Pictures, 983 F.2d 21, 24
(5th Cir. 1992).

As outlined above, the Court's prior declaratory relief has
not been sufficient to guarantee the future protection of
plaintiffs' and others' First Amendment freedoms from clearly
impermissible intrusions in the name of Section 16-1-28.   The
limited injunctive relief requested by this motion will ensure
that the immediate threats to those freedoms are forestalled.


WHEREFORE, plaintiff GLBA respectfully requests that the
Court enter the accompanying proposed Order of Injunction, or
such other comparable order of injunction as the Court sees fit,
to enforce its prior Memorandum Order and Judgment and prevent
any future violation of plaintiff's First Amendment rights --
including in particular the rights of plaintiff's officers and

8

members to attend, participate in, and learn from the February 16
and 17 Lesbian, Gay and Bisexual College Conference sponsored by
GLBA-UA -- by defendant Sessions under the supposed authority of
Section 16-1-28.

Dated:  February 12, 1996

Ruth E. Harlow
Matthew A. Coles
American Civil Liberties
  Union Foundation
132 West 43rd Street
New York, New York  10036
(212) 944-9800, ext. 551

Fern Singer
2222 Arlington Ave. South
Post Office Box 55727
Birmingham, Ala.  35255
(205) 930-5158

ATTORNEYS FOR PLAINTIFF

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion For Injunctive Relief Pursuant To Federal Rule Of Civil Procedure 62(c) was today served on all counsel for defendants via facsimile transmission and via U.S. mail, postage pre-paid, and addressed as follows:

>        Thomas F. Parker IV
>        Deputy Attorney General
>        Office of the Attorney General
>        Criminal Appeals Division
>        11 South Union Street
>        Montgomery, Alabama   36130
>        Facsimile Number:   (334) 242-2848

>        J. Fairley McDonald, III
>        George W. Walker, III
>        Copeland, Franco, Screws & Gill, P.A.
>        Post Office Box 347
>        Montgomery, Alabama   36101
>        Facsimile Number:   (334) 834-3172

This 12th day of February, 1996.

                                        Ruth E. Harlow
                                        American Civil Liberties
                                          Union Foundation
                                        132 West 43rd Street
                                        New York, New York   10036
                                        (212) 944-9800, ext. 551

                                        Attorney for Plaintiff