```
                    UNITED STATES DISTRICT COURT FOR
                     THE MIDDLE DISTRICT OF ALABAMA
                            NORTHERN DIVISION

GAY LESBIAN BISEXUAL ALLIANCE,      )
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
JEFF SESSIONS, in his official capacity )
as Attorney General of the State of )   Civil Action
Alabama, FREDERICK P. WHIDDON, in his ) No. 93-T-1178-N
official capacity as President of the )
University of South Alabama, and DALE )
T. ADAMS, in his official capacity as )
Dean of Students of the University of )
South Alabama,                      )
                                    )
          Defendants.               )
```

RECEIVED '96 FEB 26 AM 10 12

FILED FEB 26 1996 THOMAS C. CAVER, CLERK BY _____ DEPUTY CLERK

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FEES AND EXPENSES

Plaintiff Gay Lesbian Bisexual Alliance is the prevailing party in this litigation and is entitled to an award of attorneys' fees and expenses. See 42 U.S.C. § 1988. Plaintiff's counsel, as outlined below, request compensation for a reasonable number of hours expended and set reasonable hourly rates for their time. In light of, inter alia, the excellent results obtained in this matter, the difficulty of the constitutional law questions posed, the "undesirability" of this case and the need for out-of-state counsel, the level of experience and skill of plaintiff's counsel, and their long-term relationship with the client and others similarly situated, plaintiff urges that the full time and rates requested in this fee motion be granted, along with reimbursement for all the itemized out-of-pocket

expenses. See Lee v. Randolph County Board of Education, 885 F. Supp. 1526, 1528-29 (M.D. Ala. 1995) (summarizing relevant factors in determining fee award, as first set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

I.  PLAINTIFF'S ENTITLEMENT TO FEES AND EXPENSES

To qualify for an attorneys' fee award under 42 U.S.C. § 1988, plaintiff must establish that it is a "prevailing party." See 42 U.S.C. § 1988.  "If a civil rights plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing the suit,' the plaintiff" is a prevailing party and has "crossed the threshold to a fee award of some kind."  Texas State Teachers Association v. Garland Independent School Dist., 489 U.S. 782, 791-92 (1989) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)); see also Ruffin v. Great Dane Trailers, 969 F.2d 989, 992 (11th Cir. 1992), cert. denied, 507 U.S. 910 (1993).

Here, plaintiff fully succeeded in proving that Section 16-1-28 of the Alabama Education Code violates the First Amendment both on its face and as applied, and in ensuring that the unconstitutional statute will not be enforced against it in the future.  See Judgment and Mem. Op. entered January 29, 1996; see also Order entered February 13, 1996 at 13 ("the Attorney General has reassured the court that he will act in accordance with the court's judgment of January 29").  Plaintiff is clearly a

prevailing party that qualifies for an award under 42 U.S.C. § 1988.

A prevailing party, moreover, may recover not only fees but also attorneys' expenses. "[A]ll reasonable expenses incurred in case preparation [and] during the course of litigation" may be recovered pursuant to 42 U.S.C. § 1988. <u>Dowdell v. City of Apopka</u>, 698 F.2d 1181, 1192 (11th Cir. 1983). In assessing expenses, "the standard of reasonableness is to be given a liberal interpretation." <u>Id</u>. As itemized in and supported by the documentation attached to the Declarations of Ruth E. Harlow and Fern Singer, the expenses claimed on this motion are exceedingly reasonable.[1] Expenses total only $ 2,181.21.

II. THE REASONABLENESS OF THE HOURS EXPENDED AND RATES REQUESTED

Likewise, plaintiffs' counsel has presented a bare-bones fee request that asks for compensation for the time of only two of the five attorneys who worked on this case. <u>See</u> Harlow Dec. at ¶ 15. The two attorneys submitting requests for reimbursement have

---

[1] The expenses for which the attorneys seek reimbursement are as follows:

| | | |
|---|---|---|
| Harlow Expenses -- | Airline Ticket | $ 300.00 |
| | Hotel | $ 84.22 |
| | Hotel | $ 227.02 |
| | Hotel | $ 84.37 |
| | Rental Car | $ 179.76 |
| | Airline Ticket | $ 833.00 |
| | Hotel | $ 126.71 |
| | Rental Car | $ 39.96 |
| Singer Expenses -- | Postage | $ 76.20 |
| | Copies | $ 176.72 |
| | Long Distance Calls | $ 53.25 |
| Total -- | | $ 2,181.21 |

3

exercised billing judgment in recording their hours worked and in preparing this motion. See Harlow Dec. at ¶ 18. Plaintiff submits that the whole case has been conducted in an economical and efficient fashion, with only two depositions, one round of paper discovery, the final submission of the case on a written record, and the entire matter briefed, argued and submitted to the Court within nine months of the filing of the complaint. See Harlow Dec. at ¶ 16. All of these facts, as well as others discussed below, support an award for the full amount sought in this motion.

The "lodestar" figure for attorneys' fees is arrived at "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). In assessing the appropriateness of the number of hours worked and the hourly rate, as well as in considering whether the lodestar should be adjusted upward or downward, a court considers "all of the circumstances." See Blanchard v. Bergeron, 489 U.S. 87, 93 (1989). To assist in that analysis, Johnson v. Georgia Highway Express, Inc., supra, identifies twelve factors that may be relevant.

A.  Hours Necessarily Expended.

Plaintiff seeks payment for 301.00 hours worked by lead counsel Harlow and 58.15 hours worked by attorney Singer. See Harlow Dec; Singer Dec. This time reflects efforts necessary to investigate the facts and the applicable law, initiate suit, conduct discovery, compile a Joint Record of over 500 pages, and

4

brief and argue the merits of a challenging federal constitutional case. Particularly before the Supreme Court's decision in Rosenberger v. Rector and Visitors of University of Virginia, ___ U.S. ___, 115 S. Ct. 2510 (1995), which came after full submission here, this case presented novel and difficult First Amendment issues. In addition, plaintiff's counsel were forced by the defendant Attorney General to oppose a motion to dismiss and a motion for a partial stay, on both of which plaintiff completely prevailed.

Plaintiff's attorneys were able to spend less time litigating this case than would have been required by other attorneys because of their First Amendment and other federal civil rights litigation expertise, their prior knowledge of the history that led up to this dispute, and their prior experience representing gay and lesbian student groups in Alabama. See Harlow Dec.; Singer Dec. As between the two attorneys, moreover, there was no duplication of work. Id.

Especially given the moderate number of hours expended, plaintiff's counsel achieved excellent results. They succeeded in obtaining a ruling that Section 16-1-28 is unconstitutional on its face and as applied over a multi-year period to the Gay Lesbian Bisexual Alliance. While an injunction has not been entered, this Court has retained jurisdiction should such an enforcement order be necessary and has obtained the promise of the Attorney General that the state will act in compliance with the Court's declaratory judgment. See Judgment and Mem. Op.

5

entered January 29, 1996; see also Order entered February 13, 1996.  The entire litigation focused on a common factual record and similar legal theories, and thus none of the attorneys' time was devoted to any distinct, unsuccessful claim.  Indeed, while not needing to reach the issues, the Court noted its agreement with plaintiff that, in addition to its substantive First Amendment problems, "the statute is unconstitutionally vague and overbroad."  Mem. Op. at 25 n.46.

Thus, six of the Johnson factors strongly support the reasonableness of the hours claimed:  (1) the time and labor required by this case; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the experience and ability of the attorneys; (5) the length of counsel's professional relationship with the client and others similarly situated; and (6) the results obtained.  See Lee v. Randolph County Board of Education, 885 F. Supp. at 1529.

B.   Prevailing Hourly Rates.

Reasonable hourly rates for purposes of 42 U.S.C. § 1988 "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel."  Blum v. Stenson, 465 U.S. at 895.  "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits.  In circumstances where it is reasonable to retain attorneys from other communities,

6

however, the rates in those communities may also be considered." Rum Creek Coal Sales, Inc. v. West Virginia State Federation, AFL-CIO, 31 F.3d 169, 175 (4th Cir. 1994) (citation omitted); see also Brooks v. Georgia State Board of Elections, 997 F.2d 857, 869 (11th Cir. 1993) (using attorneys' office community rather than court community, where specialist local counsel unavailable). "'[C]ivil rights litigants may not be charged with selecting the nearest and cheapest attorney.'" Johnson v. University College of the University of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983) (quoting Dowdell, 698 F.2d at 1192), cert. denied, 464 U.S. 994 (1983).

In this case, New York City rates for Harlow and Birmingham rates for Singer are most appropriate. Defendants have themselves repeatedly emphasized that plaintiff's viewpoint is an extremely controversial one in this state. Any counsel representing a gay and lesbian student group had to be prepared for significant animosity, up to and including being sued themselves. See, e.g. Defendant's Joint Pre-trial Brief at 3, 78 (criticizing "attitude of the ACLU" and accusing plaintiff's counsel of "[d]isplaying a customary ignorance of Alabama's political affairs"); Auburn University v. Auburn Gay and Lesbian Association et al., No. 92-H-374-E (M.D. Ala.) (ACLU sued as a result of its representation of Auburn gay student group). The specialized nature of plaintiff's constitutional claims and the unpopularity of its message severely limited the pool of potential lawyers. As Harlow's declaration shows, the only

7

Alabama attorney that the ACLU was able to enlist as counsel in this case was Ms. Singer, who though eminently qualified did not have time free from other obligations to lead this litigation. See Harlow Dec. at ¶ 13. Under these unique circumstances, therefore, plaintiff's choice of counsel should be compensated at the prevailing rate in their home communities.

Not only (1) this case's "undesirability" and (2) its difficult legal questions, creating a need for out-of-town counsel, but also several other Johnson factors contribute to the $ 235 and $ 225 hourly rates that are appropriate for Harlow and Singer, respectively: (3) the skill required to perform plaintiff's representation properly; (4) the experience, reputation and ability of the attorneys; (5) the results obtained; and (6) awards in similar cases. See Lee v. Randolph County Board of Education, 885 F. Supp. at 1529.

As the Eleventh Circuit has emphasized, the "skill" consideration "incorporates notions of organization and efficiency," and of "persuasiveness." Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1300-01 (11th Cir. 1988). "It is the job of the district court in a given case" to weigh the skills "exhibited by the attorney in the case at bar[.]" Id. Plaintiff here submits that the skills exhibited by its attorneys throughout this litigation, as well as the experience, reputation and ability of those attorneys as reflected in the Harlow, Singer, and Falkenberry Declarations, support the rates of compensation requested. As discussed above, moreover,

8

plaintiff's attorneys have fully achieved the results sought in this case.

Finally, awards in similar New York City cases establish the fairness of Harlow's $ 235 rate. See, e.g., Ragin v. Harry Macklowe Real Estate Co., 870 F. Supp. 510, 518-19 (S.D.N.Y. 1994) (awarding attorneys from NAACP Legal Defense Fund $ 300, $ 275, and $ 175 per hour in 1994, where those litigators had both more and less experience than a civil rights attorney almost ten years out of school); Loper v. New York City Police Dept., 853 F. Supp. 716, 720 (S.D.N.Y. 1994) (awarding "sole practitioner of intermediate experience," "now seven years out of law school and an acknowledged First Amendment litigator," $ 250 per hour); Soler v. G & U, Inc., 801 F. Supp. 1056, 1066 (S.D.N.Y. 1992) (awarding legal services attorneys $ 250 and $ 185 per hour in 1992); Jennette v. City of New York, 800 F. Supp. 1165, 1169 (S.D.N.Y. 1992) (awarding sole practitioner "with past experience in civil rights law" $ 200 per hour in 1992); Pastre v. Weber, 800 F. Supp. 1120, 1122 (S.D.N.Y. 1991) (awarding Hughes, Hubbard and Reed associates handling pro bono matter $ 240 and $ 205 for work done in 1990-91); see also Harlow Dec., exhibit B (National Law Journal reports of prevailing rates in New York City). Similarly, the Falkenberry Declaration shows the appropriateness of Singer's $ 225 rate in Birmingham.

Even if this Court were to view Montgomery as the relevant community, the rates requested fit within the range of awards to civil rights litigators that the Court has made throughout the

9

1990s. See Lee v. Randolph County Board of Education, 885 F. Supp. at 1531 ("[o]ver the last five years, the court has awarded non-contingent fees in the range of $105-290 an hour in other civil rights cases") (collecting citations).

C. Appropriateness Of Full Lodestar Amount.

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). This is such a case. All the hours enumerated in plaintiff's motion papers and the rates requested should be multiplied to compute the actual fee award. At the rates and hours requested, no enhancement of the lodestar is necessary, for the Johnson factors have been adequately incorporated into those subsidiary figures. Certainly, however, no diminution is warranted, for none of the Johnson considerations argue against a complete award to plaintiff's counsel in this case.

CONCLUSION

For all the foregoing reasons, plaintiff respectfully asks this Court to order defendants to pay $ 83,818.75[2] in attorneys' fees and $ 2,181.21 in attorneys' expenses.

Dated:   February 23, 1996

_____
Ruth E. Harlow
Matthew A. Coles
American Civil Liberties
  Union Foundation
132 West 43rd Street

---

[2] The $ 83,818.75 consists of 301.00 x $ 235 ($ 70,735) for Harlow and 58.15 x $ 225 ($ 13,083.75) for Singer.

10

New York, New York  10036
(212) 944-9800, ext. 551

Fern Singer
2222 Arlington Ave. South
Post Office Box 55727
Birmingham, Ala.  35255
(205) 930-5158

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum Of Law In Support Of Motion For Fees And Expenses was today served on all counsel for defendants via Federal Express delivery service for Monday, February 26 delivery, delivery fee pre-paid, and addressed as follows:

> Thomas F. Parker IV
> Deputy Attorney General
> Office of the Attorney General
> 11 South Union Street
> Montgomery, Alabama  36130
>
> J. Fairley McDonald, III
> Copeland, Franco, Screws & Gill, P.A.
> 444 South Perry Street
> Montgomery, Alabama  36101

This 23rd day of February, 1996.

Ruth E. Harlow
American Civil Liberties
  Union Foundation
132 West 43rd Street
New York, New York  10036
(212) 944-9800, ext. 551

Attorney for Plaintiff